# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TENNESSEE WESTERN DIVISION

**SHANA V. STODDARD,**

    **Plaintiff,**

**v.**                                          Case No.       2:24-cv-2505-TLP-atc

**RHODES COLLEGE,**

    **Defendant.**

## ANSWER OF DEFENDANT RHODES COLLEGE

Defendant Rhodes College ("Rhodes"), by and through undersigned counsel, hereby submits the following Answer to Plaintiff Shana V. Stoddard's Complaint, stating as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Any and all alleged actions taken by Rhodes were for legitimate, non-discriminatory and non-retaliatory reasons.

### THIRD DEFENSE

Plaintiff's claims for discrimination and retaliation under Title VII are barred by the applicable statute of limitations because Plaintiff failed to file her Complaint within ninety (90) days of receipt of her Right to Sue letter from the Equal Opportunity Employment Commission ("EEOC").

**FOURTH DEFENSE**

Plaintiff's claims for discrimination and retaliation under Title VII are based on alleged acts or alleged failure to act by Rhodes that occurred more than 300 days prior to the filing of a charge with the EEOC by Plaintiff and are therefore barred by the applicable statute of limitations.

**FIFTH DEFENSE**

Plaintiff's claims for discrimination and retaliation under Title VII are barred by Plaintiff's failure to exhaust her administrative remedies.

**SIXTH DEFENSE**

Plaintiff's claims for discrimination and retaliation under the THRA are based upon alleged acts or alleged failure to act by Rhodes that occurred more than one (1) year prior to the filing of this lawsuit and are therefore barred by the applicable statute of limitations.

**SEVENTH DEFENSE**

Plaintiff's claims for discrimination and retaliation under 42 U.S.C. § 1981 are barred because Plaintiff failed to allege (i) that she suffered any adverse employment action; and (ii) that her race is a but-for cause of any adverse employment action.

**EIGHTH DEFENSE**

The alleged actions of Rhodes as set forth in the Complaint are not based on her race and are not sufficiently severe or pervasive to constitute racial harassment.

**NINTH DEFENSE**

Rhodes exercised reasonable care to prevent and correct promptly any harassing behavior. Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities offered by Rhodes or to avoid harm otherwise.

## TENTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the doctrines of waiver and/or estoppel.

## ELEVENTH DEFENSE

To the extent that Plaintiff has failed to mitigate her alleged damages, her recovery must be barred or reduced accordingly.

## TWELFTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the doctrines of laches and/or unclean hands.

## THIRTEENTH DEFENSE

To the extent the Complaint seeks punitive damages, it violates substantive due process of law as provided in the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and under the Constitution of the State of Tennessee.

## FOURTEENTH DEFENSE

To the extent Plaintiff seeks punitive damages, the Complaint, and each and every allegation asserted therein, fails to state facts sufficient to state a claim for punitive damages.

Rhodes reserves the right to raise any additional defenses, affirmative or otherwise, as they may become known to Rhodes during the course of discovery in this case.

                                PageID 29

## ANSWERS TO PLAINTIFF'S INDIVIDUAL ALLEGATIONS[1]

1. The allegations of Paragraph 1 state a legal conclusion that is not required to be admitted or denied.

2. Rhodes admits that this Court generally has subject-matter jurisdiction over claims under both Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. Rhodes admits the Court generally has supplemental jurisdiction over Plaintiff's THRA claim pursuant to 28 U.S.C. § 1367. Rhodes denies that Plaintiff is entitled to any relief on any of her claims.

3. Admitted, on information and belief.

4. Admitted.

5. Admitted.

6. Denied.

7. Plaintiff has not made any allegations in Paragraph 7, and, therefore, there is nothing to admit or deny. Rhodes denies that it committed any discriminatory acts against Plaintiff.

8. Denied.

9. Denied.

10. Rhodes admits the allegations of the first sentence of Paragraph 10. Rhodes admits that Plaintiff made internal complaints of race discrimination, which were thoroughly investigated by Rhodes, although Plaintiff was dissatisfied with the outcome of the investigation. The remaining allegations of paragraph 10 are denied.

---

[1] Plaintiff filed both the pro se form Complaint provided by the District Court Clerk and appended a pleading styled as a Complaint thereto. Rhodes College first responds to the individual allegations in the form Complaint (ECF No. 1 at PageID 1-6) and then will respond to the individual allegations in the appended pleading (ECF No. 1 at PageID 7-13).

11. The allegations of Paragraph 11 are not required to be admitted or denied.

12. Admitted.

13. The allegations of Paragraph 13 are not required to be admitted or denied.

14. Rhodes admits that the Equal Employment Opportunity Commission issued a right to sue letter dated April 17, 2024 on Plaintiff's charge of discrimination and lacks a basis to challenge Plaintiff's assertion that she received the right to sue letter on the same day.

15. Rhodes admits that a copy of the right to sue letter is attached to the Complaint.

16. The allegations of Paragraph 16 are not required to be admitted or denied.

## ANSWERS TO APPENDED PLEADING

1. Rhodes admits that Plaintiff asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981 and applicable Tennessee state law. The remaining allegations contained in Paragraph 1 are denied.

2. Rhodes admits that this Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1367. The remaining allegations contained in Paragraph 2 are denied.

3. Rhodes admits that venue is proper with this Court.

4. Admitted, on information and belief.

5. Admitted.

6. Admitted.

7. Rhodes admits that Plaintiff is an African-American female. The remaining allegations contained in Paragraph 7 are denied.

8. Denied.

9. Denied.

10. Rhodes admits that when Plaintiff turned in her signed 2023-24 faculty employment contract to April Allen, the administrative assistant for the Department of Academic Affairs, in March 2023, she appended a hand-written note to the contract addressed to then-Provost Katherine Bassard (Black female), Vice-Provost Rashna Richards (Indian-American female – not Asian as alleged), and then-Chief Human Resources Officer Claire Shapiro (white female) asking for a meeting to discuss what Rhodes could do to address "workplace hostility, incivility, microaggressions" and "out right aggressions" she said she had experienced at Rhodes.

11. Rhodes admits that Plaintiff was unhappy about events occurring at the May 10, 2023 faculty meeting and felt the actions of the faculty members named below were indicative of racial bias. Rhodes denies that the presentation at the faculty meeting of the members of the Faculty Governance Committee ("FGC"), who are Tait Keller (mixed race male – not white as alleged), Marshall Boswell (white male), Erin Harmon (white female), Amy Risley (white female), David Rupke (white male) and Katie White (white female), criticizing then-Provost Katherine Bassard's process for selecting Rashna Richards as Vice-Provost was based on the race of either Dr. Bassard or Dr. Richards, that the presentation discredited Dr. Bassard's work, or that it was otherwise libelous or slanderous. Rhodes denies that the FGC's presentation caused Dr. Bassard to step down as Provost. Rhodes denies that the actions of the FGC were directed at Plaintiff in any way or that they deterred Plaintiff from complaining, since she did so repeatedly beginning the day after the meeting.

12. Rhodes admits that Plaintiff sent a series of emails to President Jennifer Collins between May 11 and May 22, 2023 expressing concern about the actions of the FGC towards Dr. Bassard and Dr. Richards at the May 10 faculty meeting, and that she also sent an email on May 12, 2023 to Claire Shapiro and Vice-President of Strategic Initiatives and Chief Diversity, Equity

and Inclusion Officer Sherry Turner (Black female) stating that she wished to file a "hostile workplace environment … report" on behalf of Dr. Bassard and Dr. Richards based on the FGC's actions and a report on their behalf through Rhodes' Bias Education Reporting Systems ("BERS"). The remaining allegations of Paragraph 12 are denied.

13. Rhodes admits that, after being told that Dr. Bassard and Dr. Richards did not wish to pursue an internal complaint about the May 10 faculty meeting, Plaintiff indicated on May 19, 2023 that she wished to make a complaint of racial bias on her own behalf related to conduct towards her by other faculty members, and that Rhodes referred this complaint to Claire Shapiro for investigation.

14. Rhodes admits that after Claire Shapiro retired on June 30, 2023, the investigation of Plaintiff's complaint was transferred to Inez Warner (Black female), Director of Institutional Equity and Title IX Coordinator at Rhodes.

15. Rhodes admits that the investigation conducted by Ms. Shapiro and Ms. Warner was pursuant to Rhodes' internal grievance policy.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Rhodes admits that Dee Birnbaum (white female), another faculty member, responded via "reply all" on July 5, 2023 to an email sent by Plaintiff to Dr. Birnbaum and all

7

other persons on the faculty listserv entitled "Healthy Conflict Working Group - Survey." The remaining allegations of Paragraph 22 are denied.

23.  Denied.

24.  Rhodes admits that, in March 2019, four faculty members, Computer Science Professor Betsy Sanders (white female, proposed principal investigator), Psychology Professor Katherine White (white female, proposed co-principal investigator), Biology Professor Jonathan Fitz Gerald (white male, proposed co-principal investigator) and Director of Fellowships and Undergraduate Research Mauricio Cafiero (Latino male, proposed co-principal investigator who was also Chair of the Chemistry Department at that time) (collectively, the "grant applicants,") applied for a grant from the National Science Foundation ("NSF") to fund a scholarship and mentoring program for low-income, academically talented high school students interested in attending college to pursue a career in science, technology, engineering or math (known as "STEM" fields). Rhodes admits that the grant applicants filed a "Notice of Withdrawal of PI/PD or co-PI/co-PD" in April 2023 to remove Dr. Cafiero's name from the grant, since he had left Rhodes and was no longer Director of Fellowships and Undergraduate Research. Rhodes denies that Plaintiff was "refused the opportunity to be included" on the grant application as a proposed co-principal investigator, that Plaintiff expressed interest in working on the grant, or that the grant applicants were obligated to include Plaintiff on the application.

25.  Denied.

26.  Denied.

27.  Rhodes admits that Plaintiff wrote a letter of collaboration in support of the grant application of Biology Professor Qian Shen (Asian male) to the NSF to receive funding to research how fungi sense and respond to carbon dioxide using student research assistants selected from,

8

among other sources, the STEM Cohort Mentoring Program of which Plaintiff was the Director. The remaining allegations of Paragraph 27 are denied.

28. Denied.

29. Denied.

30. Denied.

31. Rhodes incorporates by reference its responses to paragraphs 1 through 30 as though fully restated herein.

32. Denied.

33. Denied.

34. Rhodes incorporates by reference its responses to paragraphs 1 through 33 as though fully restated herein.

35. Denied.

36. Denied.

37. Denied.

38. Rhodes incorporates by reference its responses to paragraphs 1 through 37 as though fully restated herein.

39. Denied.

40. Denied.

41. The allegations of Paragraph 41 are not required to be admitted or denied. Rhodes denies that Plaintiff states a claim under 42 U.S.C. § 1981.

42. Denied.

The remaining allegations contained in the Appended Pleading are violative of Federal Rule of Civil Procedure 8(a).  Without waiving that objection, in responding to the factual allegations made under "VII. Argument," Rhodes answers as follows:

VIII.A.     Rhodes admits that Plaintiff is an African-American female.  Rhodes denies that Plaintiff is entitled to relief under 42 U.S.C. § 1981.

VII.B.     Rhodes admits that it has a faculty employment contract with Plaintiff but denies that it has breached that employment contract.  Rhodes denies that Plaintiff is entitled to relief under 42 U.S.C. § 1981.

VII.C.     Denied.

VII.D.     Denied.

Rhodes denies that Plaintiff is entitled to any relief whatsoever on her Complaint.

All allegations not heretofore admitted or denied are hereby denied.

WHEREFORE, premises considered, Rhodes prays that the Complaint be dismissed with prejudice and with costs assessed against Plaintiff, that Rhodes be awarded its reasonable costs and attorney's fees, and that Rhodes be awarded any and all such other relief as the Court deems just and proper.

Respectfully submitted this 14th day of August, 2024,

**BURCH, PORTER & JOHNSON, PLLC**

/s Lisa A. Krupicka
Lisa A. Krupicka (BPR No. 12147)
Sarah Elizabeth Stuart (BPR No. 35329)
130 North Court Avenue
Memphis, Tennessee 38103
Telephone:   (901) 524-5000
Facsimile:   (901) 524-5024
lkrupicka@bpjlaw.com
sstuart@bpjlaw.com
*Attorneys for Defendant Rhodes College*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document has been filed using the Court's CM/ECF system which will automatically send a copy of the filing to Shana V. Stoddard in accordance with her Agreement to Receive Notice of Electronic Filing (ECF No. 4) and sent via U.S. Mail, postage prepaid to Shana V. Stoddard, at 1105 Parkview Circle North, Southaven, MS 38271, on August 14, 2024.

/s Lisa A. Krupicka